```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

| | |
|---|---|
| KINJI SCOTT | : |
| | : |
| v. | : |
| | : Civil Action WMN-06-1583 |
| BALTIMORE CITY DEPARTMENT OF | : |
| SOCIAL SERVICES et al. | |
| | : |

**MEMORANDUM**

Plaintiff was employed as a case manager for Defendant Fellowship of Lights (Fellowship), a non-profit organization which operates a facility for housing and counseling troubled youth in Baltimore.  Fellowship is licensed and funded by Defendants Baltimore City Department of Social Services (DSS) and the Maryland Department of Human Resources (DHR).  Plaintiff alleges that he was fired by Fellowship, under coercion by officials of DSS and DHR, because he spoke out about DSS's failure to protect the safety of young black males in Baltimore.  The Complaint includes two counts: Count One alleges the violation of his constitutionally protected rights to freedom of speech, presumably brought under 42 U.S.C. § 1983, and Count Two asserts a claim for wrongful discharge under Maryland state law.

Defendants DSS and DHR have moved to dismiss Count One as against them on the ground that, as state agencies, they are immune from suit under the Eleventh Amendment of the United States Constitution.  The Eleventh Amendment prohibits suits in federal court by private individuals against a state or its

agencies unless the state has consented to suit and/or Congress has lawfully abrogated the states' Eleventh Amendment immunity. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003); Lewis v. Bd. of Ed., 262 F. Supp. 2d 608, 612 (D. Md. 2003).  The State of Maryland has not consented to suit in federal court, Lowery v. Prince George's County, 960 F. Supp. 952, 954 n.2 (D. Md. 1997), nor has Congress abrogated the State's immunity as to claims brought pursuant to 42 U.S.C. § 1983.  Quern v. Jordan, 440 U.S. 332, 341 (1979).  Plaintiff concedes that under the prevailing case law in this circuit, DSS agencies are state rather than local agencies, and suits against them are subject to Eleventh Amendment claims of sovereign immunity.  See Lowery, 960 F. Supp. at 955.  Accordingly, Plaintiff indicates that he does not oppose dismissal of the § 1983 claims against DSS and DHR.

While making this concession, Plaintiff argues that he, nonetheless, can proceed to bring his pendant state law claim for wrongful discharge against these defendants.  The Eleventh Amendment constitutional bar, however, "applies as well to state-law claims brought into federal court under pendent jurisdiction."  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 121 (1984).  Though Maryland has granted a limited waiver of immunity under the Maryland Tort Claims Act, Md. Code Ann., State Gov't §§ 12-101 et seq., Maryland did not waive its immunity to suit in federal court.  Md. Code Ann., State Gov't § 12-103(2).  Consequently, the pendent state law claims against the state agencies will be dismissed as well.

2

A separate order will issue.

/s/
_____
William M. Nickerson
Senior United States District Judge


DATED: August 30, 2006.